**Supreme Court**
No. 2024-49-Appeal.
(KC 21-1049)

Ilda Nersesyan          :

v.                 :

Liberty Title and Escrow Company    :
          et al.

### O R D E R

The plaintiff, Ilda Nersesyan, appeals from two Superior Court judgments in favor of the defendants, Liberty Title and Escrow Company (GDM)[1] and Stewart Title Guaranty Company (Stewart), following the grant of summary judgment. This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth herein, we affirm the judgments of the Superior Court.

The plaintiff filed suit against defendants in Kent County Superior Court on December 8, 2021. In her first amended complaint, filed on April 12, 2022, plaintiff

---

[1] As of June 3, 2016, Liberty Title and Escrow Company became known as GDM Title, Inc. Therefore, we will refer to the defendant formerly known as Liberty Title and Escrow by its current name, GDM.

- 1 -

indicated that she resided at 103 Providence Street, West Warwick, recorded as Parcel 17-186, Book 2375-220, and that Stewart had issued her a title insurance policy for the property located at that address. The plaintiff alleged that defendants "failed to ascertain if the title was good and marketable, and whether any encumbrances existed on the title." The plaintiff then asserted that she discovered several issues with the property, including: (1) deficient smoke detectors; (2) "[w]ater pipe line [*sic*] damage"; (3) "[s]ewer problems"; (4) a neighbor constructing a fence that blocked an easement; (5) plaintiff falling and injuring herself on the property; (6) the conveyance of title by quitclaim deed rather than warranty deed; (7) defendants' failure to quiet title for plaintiff; and (8) defendants' breach of contract and violation of the covenant of good faith and fair dealing.

All three parties in this action filed motions for summary judgment and submitted corresponding memoranda. A justice of the Superior Court issued a bench decision on the motions on December 11, 2023, granting summary judgment in favor of both defendants and denying summary judgment in favor of plaintiff. In his decision, regarding plaintiff's claims against Stewart, the hearing justice found that plaintiff had "made no claims for issues with the title" and that almost all of her claims were "issues with the condition of the property." Regarding plaintiff's claims against GDM, the hearing justice determined that "GDM's role was to conduct a title search of the property" and that it "did not find any encumbrances on the property."

Additionally, the hearing justice recalled that plaintiff and GDM entered into a valid hold-harmless agreement that "indemnified GDM against any damages which may be asserted, claimed or recovered against it arising from matters outside the scope of * * * GDM's involvement with the property transaction." The hearing justice ultimately determined that

> "[t]he named defendants are not the proper party for plaintiff to bring her claims of condition issues with the property because neither defendant owned the subject property. * * * Therefore, any claims against Stewart and GDM for property condition issues and breach of contract arising from the purchase and sales agreement are not legally cognizable claims."

On December 21, 2023, orders entered granting summary judgment in favor of each defendant and denying plaintiff's motion for summary judgment. Judgment to that effect was also entered in favor of each defendant. This appeal follows.

On appeal, plaintiff fails to articulate any claims of error by the hearing justice, nor does she articulate with any specificity why the judgment should be vacated. Indeed, plaintiff submitted a statement and supplemental statement to this Court, pursuant to Article I, Rule 12A of the Supreme Court Rules of Appellate Procedure. In her papers, plaintiff lists general claims and points to allegedly "erroneous claims" made by defendants, as contained in the transcript of the hearing on the three motions for summary judgment. This recitation of excerpts from the hearing transcript, along with a general conclusory statement of defendants' alleged

- 3 -

fault, comprise the entire statement; it is devoid of legal analysis or argument. The plaintiff's supplemental statement that was later filed with this Court also offers no legal analysis or argument and provides no aid in divining the reasoning behind plaintiff's assertion that the trial justice erred in granting summary judgment in favor of defendants and denying summary judgment in favor of herself.

This Court has stated that, when an appellant "does not * * * offer any legal analysis or substantive discussion of the issues," it will consider "an issue waived when a party simply states an issue for appellate review, without a meaningful discussion thereof." *Boulais v. DiPaola*, 305 A.3d 1270, 1271 (R.I. 2024) (mem.) (quoting *Palange v. Palange*, 243 A.3d 783, 785 (R.I. 2021) (mem.)). Furthermore, this Court "will not search the record to substantiate that which a party alleges." *Id.* (quoting *Palange*, 243 A.3d at 785).

With regard to each of her claims, the plaintiff has offered no legal analysis or argument. Furthermore, the plaintiff has not provided this Court with any reason why the trial justice erred in granting summary judgment in favor of the defendants. This, along with the trial justice's well-reasoned and thorough bench decision, leads us to affirm the judgments of the Superior Court. The record shall be returned to the Superior Court.

Entered as an Order of this Court this  19th   day of December, 2024.

By Order,

_____/s/ Meredith A. Benoit, Clerk_____
Clerk



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | Ilda Nersesyan v. Liberty Title and Escrow Company et al. | |
| **Case Number** | No. 2024-49-Appeal.<br>(KC 21-1049) | |
| **Date Order Filed** | December 19, 2024 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. | |
| **Source of Appeal** | Kent County Superior Court | |
| **Judicial Officer from Lower Court** | Associate Justice Kevin F. McHugh | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Ilda Nersesyan, *pro se* | |
| | For Defendants:<br><br>Brian Kiser, Esq.<br>Patricia A. Buckley, Esq. | |